1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAY CANTRELL,                                  )
    #1007344                               )
                               )
           Plaintiff,                         )          2:10-cv-02219-JCM-GWF
                               )
vs.                                            )
                               )          **ORDER**
HIGH DESERT STATE PRISON, *et al.*,            )
                               )
          Defendants.                        )
_____/

17          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's

18  application to proceed *in forma pauperis* is granted (docket #4).  Based on the information regarding

19  plaintiff's financial status in the application to proceed *in forma pauperis*, plaintiff is required to pay an

20  initial installment of the filing fee pursuant to 28 U.S.C. §1915.

21          The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff

22  must *prepay* -- plaintiff will be required to prepay an initial installment of $29.81, instead of having to

23  prepay the full $350 filing fee for this action.  The entire $350 filing fee will, however, remain due from

24  plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the

25  full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.

26  §1915.  The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's

institutional account regardless of the outcome of this action.  The court now reviews plaintiff's complaint.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

2

1  would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making

2  this determination, the court takes as true all allegations of material fact stated in the complaint, and the

3  court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

4  955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

5  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

6  U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed

7  factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*

8  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action

9  is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

10  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

11  because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*

12  *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

13  complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual

14  allegations, a court should assume their veracity and then determine whether they plausibly give rise to

15  an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a

16  context-specific task that requires the reviewing court to draw on its judicial experience and common

17  sense." *Id*.

18  Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the

19  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

20  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

21  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

22  allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28

23  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24  **II. Instant Complaint**

25  Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP,

26  Warden Nevens, doctors Mumford, Aranas, Savadra and Estrada, and Director of Nursing Cynthia

1    Sablinca.  Plaintiff alleges that defendants have failed to treat his Hepatitis C in deliberate indifference

2    to his serious medical needs in violation of his Eighth Amendment rights.

3              As an initial matter, while not entirely clear, plaintiff may have intended to name HDSP

4    as a defendant.  HDSP is named in the caption, but not listed again in the section of the civil rights form

5    complaint for defendants.  However, states and any governmental agency that is an arm of the state are

6    not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69

7    (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l*

8    *Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en

9    banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496

10   U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).  Section 1983 claims

11   against states or a governmental entity that is an arm of the state, therefore, are legally frivolous.  *See*

12   *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated

13   in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).  Because NDOC is one of the arms of

14   the State, it is not a person for the purposes of § 1983, nor is HDSP itself.  *See Doe*, 131 F.3d 836; *Black*

15   *v. Nevada Dept. Of Corrections*,   2010 WL 2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.).

16   Accordingly, the claims against HDSP are dismissed with prejudice.  HDSP is dismissed from this

17   action.

18             Turning to plaintiff's substantive claims, he asserts that prior to his incarceration he was

19   diagnosed with Hepatitis C Virus ("HCV").  Plaintiff alleges the following: upon his arrival at HDSP

20   in September 2007, he alerted medical staff that he had been diagnosed with HCV and that he had a

21   "massive deteriorating" portal vein due to HCV and suffered symptoms including severe fatigue, joint

22   aches and pain, muscle weakness, nausea, and yellowish eyes and skin.  The medical clinic told him they

23   would get his medical records from his doctor but that he would have to be patient as they had over

24   3,000 inmates at HDSP.  Plaintiff went untreated and began to kite medical in February 2009, requesting

25   treatment.  Doctors Aranas, Estrada, Mumford and Savadra denied his requests, telling him that

26   treatments were too expensive and were not allowed by Warden Neven.  In June 2010, plaintiff had

symptoms of liver failure.  A medical assistant ordered a blood ammonia level test that revealed that plaintiff was in liver failure, and "one physician" recommended that he be placed in intensive care in Clark County.  Doctors Aranas, Estrada, Mumford, Savadra and nurse Sablinca denied any treatment and told plaintiff they would measure him for a body bag.  Plaintiff has continued to submit medical requests and grievances without result.  Warden Nevens has also denied plaintiff treatment.  Plaintiff alleges that he now is in danger of coma or death.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106.  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*,

104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Plaintiff states Eighth Amendment medical claims against all remaining defendants.

Plaintiff also claims that defendants have labeled him a "rat" and placed him in administrative segregation under the pretext that it is for his safety, where his medical requests continue to be ignored, including crippling back pain that leaves him lying on the cell floor for hours without the ability to move even to avoid urinating on the floor.  Plaintiff claims that after his most recent complaint, John Doe officer came to his cell door and warned him that if he "doesn't keep his mouth shut the next meal will be his last and he'll be pushing up tumbleweeds."  Plaintiff is now afraid to eat.

"A prisoner suing prison officials under [§] 1983 for retaliation must allege that he [or she] was retaliated against for exercising his [or her] constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."  *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (*per curiam*); *see also Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Austin v. Terhune*, 367 F.3d 1167-1170-71 (9th Cir. 2004); *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Vignolo v. Miller*, 120 F.3d 1075, 1077-78 (9th Cir. 1997);

1   *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995);

2   *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.

3   1985). Such claims must be evaluated in the light of the deference that must be accorded to prison

4   officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The

5   prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise

6   of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding

7   insufficient evidence) with *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding

8   sufficient evidence). Timing of the events surrounding the alleged retaliation may constitute

9   circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316

10  (9th Cir. 1989). Finally, the prisoner must demonstrate that his First Amendment rights were actually

11  chilled by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see*

12  *also Rhodes*, 408 F.3d at 568 (explaining that, at the pleading stage, a prisoner is not required "to

13  demonstrate a *total* chilling of his [or her] First Amendment rights to file grievances and to pursue civil

14  litigation in order to perfect a retaliation claim. Speech can be chilled even when not completely

15  silenced.") (emphasis in original); *Gomez v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001). Plaintiff

16  has set forth factual allegations stating a retaliation claim against the remaining defendants.

**III.   Conclusion**

18          **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma*

19  *pauperis* (docket #4) is **GRANTED.** Plaintiff Jay Cantrell, **Inmate No. 1007344**, will be permitted to

20  maintain this action to conclusion without prepayment of the full filing fee. However, plaintiff must pay

21  an initial installment of the filing fee in the amount of **$29.81.** Plaintiff will not be required to pay fees

22  or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status

23  shall not extend to the issuance and service of subpoenas at government expense.

24          **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the

25  Prisoner Litigation Reform Act of 1996, **the Nevada Department of Corrections shall immediately**

26  **pay to the clerk of the United States District Court, District of Nevada, the $29.81 initial**

**installment of the filing fee, if sufficient funds exist in the account of Jay Cantrell, Inmate No. 1007344**.  Thereafter, Nevada Department of Corrections shall pay to the clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the plaintiff's inmate account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that plaintiff's claims against High Desert State Prison are **DISMISSED**.  High Desert State Prison is  **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims **MAY PROCEED** as to the remaining defendants.

**IT IS FURTHER ORDERED** that plaintiff's retaliation claims **MAY PROCEED** as to the remaining defendants.

**IT IS FURTHER ORDERED** that defendants file a reply to all pending motions in a timely fashion.

**IT IS FURTHER ORDERED** as follows:

1. The clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's complaint, on the office of the attorney general of the state of Nevada, to the attention of Pamela Sharp**.

2. The attorney general's office shall advise the court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the attorney general's office cannot accept service, the office shall file, *under seal*, the last known address(es) of those defendant(s).  If the attorney general accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response

to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the clerk, and any paper which fails to include a certificate showing proper service.

DATED this 3rd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

9