1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAY CANTRELL,              )
    #1007344          )
                   )
        Plaintiff,        )      2:10-cv-02219-JCM-GWF
                   )
vs.                        )
                   )      **ORDER**
HIGH DESERT STATE PRISON, *et al.*, )
                   )
        Defendants.       )
_____/

       Presently before the court are plaintiff Jay Cantrell's motions for a temporary restraining order (doc. #5) and a preliminary injunction (doc. #6). Defendants Dwight Neven, Cynthia Sablica, Catherine Cortez Masto, and Denise S. Balboni filed an opposition to the motion for a temporary restraining order and/or preliminary injunction (doc. #9) and an opposition to the motion for a temporary restraining order (doc. #12). To date, plaintiff has failed to file a reply.

       Also before the court is defendants' motion to file exhibits in camera. (Doc. #10). Plaintiff failed to file an opposition.

       Plaintiff filed his complaint (doc. #1) on December 22, 2010, asserting claims for (1) deliberate indifference to his medical needs, (2) denial of and/or delay in access to medical personnel/facilities, (3) interference with medical judgment based in part upon non-medical factors, and (4) negligence.

Specifically, he asserts that he has Hepatitis C, needs medication daily, and on a daily basis he is either being denied his medicine, given the wrong medications, being ignored when he asks for medication, or being given half empty containers of medicine, which is causing him to have liver failure and possibly die. *Id.* Further, he asserts that he has been retaliated against for filing grievances and contacting the news.

March 3, 2011, the court entered an order (doc. #7) granting plaintiff's motion/application to proceed *in forma pauperis*, dismissing defendant High Desert State Prison from this action, and allowing plaintiff's Eighth and First Amendment claims to proceed.

**Motion to File Exhibits In Camera**

Defendants ask this court to allow them to file plaintiff's medical records (Exhibits C, D, and F) *in camera.* Defendants assert that pursuant to NRS 629.061 and Administrative Regulation 639, these documents are confidential and shall "not be provided to the inmate." This is to protect the inmate's confidentiality and can be waived by him. However, a waiver of this sort has not been given in this case.

Defendants assert in their notice of filing (doc. #11), that they have sent a copy of the medical records to High Desert States Prison with instructions that plaintiff be able to view them by contacting the warden's office, and to ensure they are kept in a safe and secure place. On March 21, 2011, this court received copies of the plaintiff's medical records (Exhibits C, D, and F) for *in camera* review. In order to maintain the confidentiality of the plaintiff's medical records, this court is inclined to permit defendants to file the documents *in camera.*

**Temporary Restraining Order/Preliminary Injunction**

On February 28, 2011, plaintiff filed a motion for temporary restraining order (doc. #5) and a motion for preliminary injunction (doc. #6). In the motions, plaintiff is asking this court to enjoin the defendants from "carrying out further act's [sic] of a '[c]ampaign of [r]etaliation,' of deliberately blocking/denying access to specialty physician(s), test's [sic], clinics, [and] facilities that [p]laintiff's serious medical conditions call for." (Doc. #5 and #6).

Further, plaintiff asks this court to make defendants "stop the unsafe, unsanitary delivery of his

needed medicine (lactulose) and to check his ammonia levels for toxicity and to stop interfering with the dilivery [sic] of his prescribe [sic] medication," "stop threatening [p]laintiff with threats of bodily injury, [of] fil[ing] fraudulent criminal charges, of creating enimies [sic], of adulterating his meals and/or threatening to starve or poison [p]laintiff." *Id.* Additionally, plaintiff seeks an injunction stopping "the acts of retaliation upon [p]laintiff when he exercises his rights to either file grievances, lawsuits or write to new's [sic] agencies," and asks the court to require the defendants to "immediately transfer [him] to a community medical center and/or the states medical facility for care and out of the prolonged confines of administrative segregation."

In the defendants' oppositions to the temporary restraining order and the preliminary injunction (doc. #9 and #12), which are substantively the same document, they assert that plaintiff's claims are "belied by extensive medical documentation showing continuous responsive and preventative medical treatment for [p]laintiff's liver problems as well as his other complained-of maladies."

**A.    Plaintiff's Medical History**

According to the affidavit of Gary Graham (doc. #9-1 Exhibit A) and the affidavit of Karen Walsh (doc. #9-1 Exhibit B), when plaintiff arrived at High Desert in September of 2007, he was diagnosed with Hepatitis C and disclosed a history of paranoid schizophrenia. Subsequently, plaintiff was medicated for the paranoid schizophrenia with a combination of Depakote, Zyprexa, and Prozac (doc. #9-1 Exhibit C and D), and received regular physical check-ups. Defendants assert that plaintiff was not treated specifically for Hepatitis C because "the state of his disease and his serious mental health condition did not qualify him for treatment under [Nevada Department Of Corrections] [m]edical [d]irective 219." (Doc. #9-1 Exhibit B and E).

Defendants assert, and lab results attached as Exhibit F support, that plaintiff's blood has been frequently drawn and sent out for laboratory testing, and that his May 14, 2011, lab work showed high levels of ammonia. As this caused great concern of liver failure, Dr. Saavedra prescribed plaintiff lactulose for 30 days (doc. #9-1 Exhibit C), and Dr. Master stopped his psychotropic medications because they process through the liver. Plaintiff received lactulose twice daily until February 22, 2011,

1   "when he refused to take the lactulose." (Doc. #9).  His lab results during the time he was taking the

2   medication "showed marked decreases in his ammonia levels." *Id*. Further, defendants assert, and

3   evidence supports (doc. #9-1 Exhibit B and D), that plaintiff has "not resumed taking any psychotropic

4   medications, and his paranoid schizophrenia is currently untreated." *Id.*

5          **B.**    **TRO/Preliminary Injunction**

6         According to Fed. R. Civ. P. 65, a court may issue a temporary restraining order when the

7   moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will

8   result before the adverse party's opposition to a motion for preliminary injunction can be heard.  The

9   Supreme Court has stated that courts must consider the following factors in determining whether to issue

10   a temporary restraining order and/or preliminary injunction: 1) a likelihood of success on the merits; 2)

11   possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4)

12   advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

13         If a party can demonstrate "either a combination of probable success on the merits and the

14   possibility of irreparable injury or that serious questions are raised and the balance of hardships tips

15   sharply in his favor," a court may grant an injunction. *Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113,

16   1120 (9th Cir. 2005) (quoting *Johnson v. Cal. State Bd. Of Accountancy,* 72 F.3d 1427, 1430 (9th Cir.

17   1995)). This essentially represents "two points on a sliding scale in which required degree of irreparable

18   harm increases as the probability of success decreases." *Id.*

19            **1.**    **Likelihood of Success On the Merits**

20         In plaintiff's motions (docs. #5 and #6), he asserts that he is likely to succeed because defendants

21   have violated the Eighth Amendment by deliberately ignoring his need for treatment and denying him

22   the medications he needs to survive. Defendants assert that this claim will not succeed due to the fact

23   that defendant has not shown the necessary deliberate indifference to support his conclusion.

24         A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

25   violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's

26   necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v.*

*Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002)). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller,* (9th Cir. 1997).

Here, plaintiff has not demonstrated a likelihood of success, because, as evidences by his medical records (doc. #9-1 Exhibits C, D, and F), his illness and need for medical attention have been recognized and attended to by the defendants. Specifically, Exhibit C demonstrates that his medical requests have been heeded "over 23 times during his three year confinement," his "diagnosis and prognosis have been explained to him multiple times," and most importantly he is *"not currently in liver failure."* (Emphasis added). Further, plaintiff's claim that he is being denied lactulose is belied by the fact that he "refused to continue taking the lactulose on February 22, 2011, despite the fact that it had successfully lowered his ammonia level." (Doc. #9 Exhibit C).

As the evidence demonstrates that he has been receiving medical attention and that defendants are taking all the necessary steps to ensure that he is treated for any complained-of ailments, including liver problems, plaintiff has not shown a likelihood of success on the merits of his Eighth Amendment claims.

Plaintiff further asserts that his retaliation claim is likely to succeed because defendants have retaliated against him by not recognizing his grievances and placing him in administrative segregation, due to his "legal activities." (Docs. #5 and #6). Defendants assert that there is no evidence that he is being retaliated against for "exercising his constitutional rights." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994). Specifically, defendants assert that plaintiff has not plead facts to demonstrate retaliation, because he has been able to file grievances up to and including March 11, 2011 (doc. #9-1 Exhibit G), and "clearly has had access to paper and writing materials as well as access to the law library." (Doc. #9).

Further, defendants assert that plaintiff has not demonstrated a likelihood of success on the

alleged retaliation of being placed in administrative segregation, because he has not shown that any placement was due to his legal actions of filing this suit, filing any grievances, or contacting news agencies. Additionally, an inmate does not have a liberty interest in being confined in the general population instead of administrative segregation nor a liberty interest in a prison's classification decisions. *McKune v. Lile,* 536 U.S. 24 (2002); *McFarland v. Cassady,* 779 F.2d 1426 (9th Cir. 1986).

The court agrees with the defendants, that without evidence supporting the retaliation claim, there is not a likelihood of success on the merits.

**2.      Irreparable Harm**

As previously discussed, plaintiff's medical needs are being attended to, his medications were being given to him until he refused to take them, he has been seen by the medical staff on numerous occasions since arriving at High Desert, and he is not suffering from liver failure as he asserts. (Doc. #9-1 Exhibits A-G). Since there is no showing of irreparable harm if the motions are not granted, the court is not inclined to grant the requested injunction.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants' motion to file exhibits in camera (doc. #10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Jay Cantrell's motions for a temporary restraining order (doc. #5) and a preliminary injunction (doc. #6) be and the same hereby are, DENIED.

DATED this 18th day of April, 2011.


_____
UNITED STATES DISTRICT JUDGE